IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERICO RAMIREZ-LOZANO,<br><br>　　　　Petitioner,<br><br>　v.<br><br>JANET NAPOLITANO, *et al.*,<br><br>　　　　Respondents.　　　　　　／ | No. C 09-4433 SI<br><br>**ORDER STAYING THIS CASE FOR 90 DAYS PENDING A DECISION BY THE BOARD OF IMMIGRATION APPEALS** |

　　　　Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 alleging that an Order of Release on Recognizance issued by the United States Immigration and Customs Enforcement (ICE) is unlawful and places restraints on his liberty. Petitioner seeks an order directing respondents to cancel the Order of Release on Recognizance and to issue petitioner a permanent resident card.

　　　　Petitioner is a native and citizen of Mexico. He was placed in removal proceedings on May 22, 2000, and ordered removed by an Immigration Judge on March 3, 2003. The Board of Immigration Appeals (BIA) affirmed the Immigration Judge's removal order in a decision dated July 29, 2004. Petitioner filed a petition for review of the BIA's decision with the Ninth Circuit Court of Appeals, and on March 18, 2008, the Ninth Circuit granted petitioner's motion to dismiss the petition for review. While the petition for review was pending with the Ninth Circuit, ICE placed petitioner on the Order of Release on Recognizance challenged in this action.

　　　　On May 31, 1988, prior to being placed in removal proceedings, petitioner applied to the Immigration and Naturalization Service for temporary resident status as a Special Agricultural Worker. On March 22, 2006, the United States Citizenship and Immigration Services approved his application.

Respondents have answered the petition, and they request that the Court hold this case in abeyance for 90 days pending a decision by the BIA on a joint motion that petitioner and the Chief Counsel's Office for ICE filed on November 18, 2009, asking the BIA to terminate petitioner's removal proceedings. The joint motion states that "[t]he parties agree that [Ramirez-Lozano] has been lawfully admitted to the United States by the USCIS, and that [Ramirez-Lozano] is no longer removable from the United States as charged in the Notice to Appear." Joint Motion at 2 (Olsen Decl. Ex. B). Respondents state that when the BIA grants the joint motion to terminate petitioner's removal proceedings, petitioner will no longer be subject to the Order of Release on Recognizance, and USCIS can presumably issue a permanent resident card to him.[1]

Petitioner argues against a stay on the ground that there is no reason to further delay granting petitioner relief. While the Court is sensitive to petitioner's desire for more immediate relief, the Court finds a temporary stay is appropriate as a matter of comity because it appears that petitioner can obtain the relief he seeks through the parties' joint motion filed with the BIA. The Court does not anticipate staying these proceedings for a lengthy period of time. Accordingly, the Court STAYS this action until **March 1, 2010**. The parties shall immediately notify the Court when the BIA acts on the joint motion to terminate removal proceedings. **If the BIA has not ruled on the joint motion by February 19, 2010, the parties shall file a joint case management conference statement on that date informing the Court of the status of the administrative proceedings and the parties' proposals for this case, and the Court will conduct a Case Management Conference on February 26, 2010 at 3:00 p.m.**

**IT IS SO ORDERED.**

Dated: November 30, 2009

SUSAN ILLSTON
United States District Judge

---

[1] Respondents also state, and petitioner does not dispute, that as a result of voluntarily dismissing the petition for review of the removal order, the final removal order remained in effect, and it is the existence of the final removal order which continues to subject petitioner to the Order of Release on Recognizance and which prevents USCIS from issuing a permanent resident card.

2